UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV169-3-V
(5:02CR37)

| | |
|---|---|
| KEVIN LINDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed November 1, 2010 (Doc. No. 1.) For the reasons stated herein, the Petitioner's motion will be dismissed.

## I. Procedural History

On September 10, 2002 Petitioner was indicted for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846. On March 28, 2003 Petitioner pled guilty to this charge without a plea agreement. On July 7, 2003 Petitioner appeared before the Court for sentencing and was sentenced to 215 months. Petitioner appealed to the Fourth Circuit Court of Appeals and on April 26, 2004, the Fourth Circuit issued an unpublished opinion affirming the sentence imposed by this Court. United States v. Linder, 94 Fed. App'x 1000 (4th Cir. 2004).

On July 5, 2005 Petitioner filed his first motion to vacate arguing that his trial counsel was ineffective because he failed to file a timely appeal after Petitioner requested that he do so and that

1

his appellate counsel was ineffective for failing to file a writ of certiorari in the Supreme Court and for failing to file a Blakely claim.[1] (Case No. 5:05cv228, Doc. No. 1). By Order dated August 7, 2006, the undersigned considered and denied Petitioner's motion to vacate. (Id., Doc. No. 8). On February 28, 2009, Petitioner filed a Motion to Reduce Sentence his Sentence pursuant to 18 U.S.C. § 3582(c)(2) which this Court granted on September 9, 2010. (Case No. 5:02cr37, Doc. Nos. 449 and 492). Petitioner filed the instant Motion to Vacate on November 1, 2010 claiming that his sentence is excessive in light of the change in the law regarding the Fair Sentencing Act of 2010.

## II. Analysis

When an initial motion pursuant to §2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed. 28 U.S.C. § 2255(h). A second or successive motion pursuant to §2255 "must be certified . . . by a panel of the appropriate court of appeals" to contain:

(1) newly discovered evidence . . . ; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. §2255(h). See also 28 U.S.C. § 2244(b)93)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner does not dispute that he previously filed a motion pursuant to §2255 which was adjudicated on the merits. (Case No. 5:05cv228: Doc. Nos. 1and 8). Instead, he argues that his second motion to vacate is not a successive motion for which he needs permission from the Fourth

---

[1] Blakely v. Washington, 542 U.S. 296 (2004).

2

Circuit as it raises a new claim not available at the time of his first motion to vacate because it is based on an intervening change in the law. Petitioner relies on In re Taylor, 171 F.3d 185 (4th Cir. 1999) in support of his argument. Petitioner's reliance on Taylor is misplaced. In re Taylor involved a motion to vacate that raised only new issues stemming from Petitioner's re-sentencing. After his re-sentencing, the petitioner filed a motion to vacate alleging that he received ineffective assistance of counsel during the re-sentencing hearing. The Fourth Circuit held that the petition – although technically the petitioner's second – was not a "second or successive" motion to vacate because it "expressly seeks to raise only those issues that originated at the time of his resentencing, after his first § 2255 petition has been granted." Id. at 187-88. In his current § 2255 motion, Petitioner challenges his original sentence imposed in 2003. The motion does not include new issues related to a resentencing hearing that occurred after his first motion had been ruled upon and granted. Further, Petitioner argues that his claim could not have been raised prior to now because there has been an intervening change in the law which "must reflect upon this defendants case as retroactive." (Motion to Vacate at 3.) However, a plain reading of §2255(h)(2), shows that a new rule of constitutional law does not create an exception to a petitioner having to ask the court of appeals for permission to file a second or successive petition but instead is simply the standard by which the court of appeals is to make a determination regarding certification. See 28 U.S.C. § 2255(h).

Petitioner has not sought and obtained permission from the Fourth Circuit Court of Appeals prior to filing this motion which is required pursuant to 28 U.S.C. § 2255(h). This Court therefore may not consider the merits of Petitioner's claims.

### III. Order

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is hereby **DISMISSED**. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: November 4, 2010

Richard L. Voorhees
United States District Judge