**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:10CV169-3-V**
**(5:02CR37)**

| | |
|---|---|
| KEVIN LINDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration filed November 29, 2010. (Doc. No. 5). For the reasons stated herein, the Petitioner's motion will be denied.

## I. Procedural History

On September 10, 2002 Petitioner was indicted for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846. On March 28, 2003 Petitioner pled guilty to this charge without a plea agreement. On July 7, 2003 Petitioner appeared before the Court for sentencing and was sentenced to 215 months. Petitioner appealed to the Fourth Circuit Court of Appeals and on April 26, 2004, the Fourth Circuit issued an unpublished opinion affirming the sentence imposed by this Court. United States v. Linder, 94 F. App'x 1000 (4th Cir. 2004).

On July 5, 2005 Petitioner filed his first motion to vacate arguing that his trial counsel was ineffective because he failed to file a timely appeal after Petitioner requested that he do so and that

his appellate counsel was ineffective for failing to file a writ of certiorari in the Supreme Court and for failing to file a <u>Blakely</u> claim.[1] (Case No. 5:05cv228, Doc. No. 1). By Order dated August 7, 2006, the undersigned considered and denied Petitioner's motion to vacate. (<u>Id</u>., Doc. No. 8). On February 28, 2009, Petitioner filed a Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c)(2) which this Court granted on September 9, 2010. (Case No. 5:02cr37, Doc. Nos. 449 and 492). On November 1, 2010, Petitioner filed his second motion to vacate in which he argued that his sentence is excessive in light of the change in the law regarding the Fair Sentencing Act of 2010. Petitioner argued that his motion should not be considered a second or successive motion as he raised a new claim not available at the time of his first motion to vacate because it is based on an intervening change in the law. By Order dated November 4, 2010, the undersigned dismissed Petitioner's motion as a second or successive motion filed without permission of the Fourth Circuit Court of Appeals. Petitioner filed the instant Motion for Reconsideration in which he again argues that his Motion to Vacate filed on November 1, 2010 should not be considered a second or successive motion.

**ANALYSIS**

Rule 59(e) provides that an aggrieved party may file a motion to alter or amend a judgment within 28 days of its entry. Fed. R. Civ. Pro. 59(e). A motion for reconsideration under Rule 59(e) is committed to the sound discretion of the Court. <u>Pacific. Ins. Co. v. American. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 402 (4th Cir. 1998). Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds for amending an earlier judgment: (1) "'to accommodate an intervening change in

---

[1] <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Id., at 403. In effect, Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate procedures." Pacific Ins. at 403. However, "[t]he Rule 59 Motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed.). Further, as a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id., § 2810.1 at 124.

Petitioner has not cited an intervening change in the law, new evidence not previously available, or a clear error of law. Rather, by filing this Motion, Petitioner essentially seeks to relitigate the successive motion issue raised in his Motion to Vacate and decided adversely to him by this Court in this Court's November 4, 2010 Order denying his Motion to Vacate filed pursuant to 28 U.S.C. § 2255. This Court has already considered and rejected Petitioner's argument that his motion to vacate is not a second or successive motion. (Doc. No. 2). Petitioner has not sought and obtained permission from the Fourth Circuit Court of Appeals prior to filing his Motion to Vacate which is required pursuant to 28 U.S.C. § 2255(h). As explained in this Court's previous Order, Petitioner may seek permission from the Fourth Circuit to file a second motion to vacate. If such permission is granted, this Court will be in a position to consider Petitioner's claims. Petitioner's motion for reconsideration is essentially a restatement of his Motion to Vacate and, as such, must be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration is

DENIED.


**SO ORDERED**.


Signed: December 1, 2010

Richard L. Voorhees
United States District Judge